# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **FIRST GOVERNMENT LEASE CO.** and **PAUL GRAVER**, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | )     Case No. 16 C 7251 ) |
| **FRED BRINER** and **BRINER LAW OFFICES**, | ) ) |
| Defendants. | ) |

## MEMORANDUM ORDER

First Government Lease Company ("First Government") and Paul Graver ("Graver") have sued Fred Briner ("Briner") and Briner Law Offices ("Law Offices"), invoking the diversity-of-citizenship branch of federal subject matter jurisdiction. This memorandum order is issued sua sponte because, although there is no question as to the over-$75,000 amount in controversy needed to support diversity jurisdiction, the somewhat carelessly stated allegations as to citizenship leave questions as to the existence of the necessary total diversity.

In that respect Complaint ¶ 4 identifies First Government as "an Illinois entity with its principal place of business in Northfield, Illinois," while Complaint ¶ 7 speaks of Law Offices as "an Arkansas entity with its principal place of business at 422 N. Main Street, Benton, Arkansas." In each instance that use of the amorphous term "entity" fails to do the job.

Thus, for example, First Government might be an unincorporated "entity" despite the word "Company" at the end of its name. In that event the familiar principle of its citizenship being a function of the state of citizenship of every member of that entity would require that information to be alleged in the Complaint so that this Court would be able to determine whether

the requisite total diversity is present, as called for by innumerable cases since the seminal decision in Strawbridge v. Curtiss more than two centuries ago. And that problem is even more likely to be presented by the naming of Law Offices, which may indeed not be a suable legal entity at all.

As succinctly stated three decades ago in Wis. Knife Works v. Nat'l Metal Crafters, 781 F.2d 1280, 1282 (7th Cir. 1986):

> The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.

This memorandum order has done just that, and plaintiffs' counsel is ordered to file a brief amendment to the Complaint on or before August 8, 2016 addressing the matters raised here. This Court will then determine whether both the Complaint and this action must be dismissed because of counsel's failure to establish federal subject matter jurisdiction or whether the action may instead go forward in this District Court.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 27, 2016