# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

FIRST GOVERNMENT LEASE CO. )
and **PAUL GRAVER**, )
                         Plaintiffs, )
                         v. ) Case No. 16 C 7251
**FRED BRINER** and **BRINER LAW OFFICES**, )
                         Defendants. )

## MEMORANDUM ORDER

On July 27 this Court issued a sua sponte memorandum order (the "Order") that identified the problematic aspects of the effort by the Complaint in this action to invoke the diversity-of-citizenship branch of federal subject matter jurisdiction. After having done so, the Order concluded by requiring counsel for plaintiffs First Government Lease Company ("First Government") and Paul Graver ("Graver") to file a brief amendment to the Complaint on or before August 8 that would cure the flaws in what the Order had described as "the somewhat carelessly stated allegations as to citizenship."

On the specified August 8 due date counsel for First Government and Graver, rather than tendering "a brief amendment to the Complaint," filed a self-contained Amended Complaint ("AC")[1] that has cleared up the questions posed by the Order:

---

[1] This Court appreciates the courtesy of counsel's having done so, an action that permits the reader to review the full content of the pleading in a single document.

1. As this Court had considered might be the case, First Government is indeed an unincorporated "entity" -- but AC ¶ 4 confirms that Graver (an Illinois citizen) is its sole member, so that First Government is an Illinois citizen too.

2. As to co-defendant Briner Law Offices, regarding which the original Complaint's allegation left the possibility that it "may indeed not be a suable legal entity at all" (Order at 2), AC ¶ 7 identifies it as an Arkansas corporation with its principal place of business in that state. Those two factors make it an Arkansas citizen. And as AC ¶ 6 reconfirms, co-defendant Fred Briner is also an Arkansas citizen.

With those things having been established, diversity jurisdiction is in fact present, so that this action may proceed in this District Court. Accordingly this Court is issuing its customary initial scheduling order, including the setting of a status hearing at 9 a.m. September 8, 2016. In the interim the parties will be expected to proceed forthwith with the advance disclosures called for by Fed. R. Civ. P. 26(a)(1)(A), without having to wait for the timely filing of a responsive pleading to the AC.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 11, 2016